[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DGG PROPERTIES CO., INC., MOTION TO STRIKE (#134)
This matter concerns a motion to strike that was filed by the plaintiff. The pleadings in this matter were closed by November, 2001. The plaintiff filed its claim for a court trial on November 5, 2001 and was given a trial date of October 8, 2002. Thereafter, on May 30, 2002, the plaintiff filed its Third Amended Complaint (#128), which the defendants answered on August 8, 2002. On that date, the defendant also filed affirmative defenses and a four-count counterclaim (#131). The allegations of the defendants' affirmative defenses and counterclaim filed on August 8, 2002 are identical to those filed in response to the Second Amended Complaint on February 22, 2001.
On August 23, 2002, the plaintiff filed the instant motion (#134) in which it requested that the first, second and fourth affirmative defenses, and counts three and four of the counterclaim be stricken. The motion was argued before this court on September 9, 2002.
The plaintiff has moved to strike the first affirmative defense, alleging fraud, on the ground that the allegations therein fail to set forth sufficient facts. Specifically, the plaintiff claims that the defendants have failed to allege each of the elements required for a legally sufficient cause of action for fraud. Specifically, the plaintiff contends that the defendants did not allege that they relied on the allegedly false statements to their detriment.
While the defendants' pleadings could have been more precise, the court finds that their pleading of the first affirmative defense fulfills the required elements. The defendants have alleged that representations regarding rental income guarantees and property improvements were made by the plaintiff and that the plaintiff knew they were false. This is a foreclosure action and the court takes notice of the fact that the parties had entered into a contractual relationship concerning the subject CT Page 11588 property. It is clear from the defendants' entire pleading that they claim to have relied on these representations, and have suffered foreclosure as a result of their reliance.
"In this regard, case law indicates that in some instances `[w]hat is necessarily implied [in an allegation] need not be expressly alleged.' (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998)." Ocwen Federal Bank v. Rivas, Superior Court, judicial district of Fairfield at Bridgeport, Docket Number CV99-0368135 (February 21, 2002, Stevens, J.). Viewed in the context of the totality of the pleadings, the court finds that the plaintiff has sufficient notice of the claimed affirmative defense. The motion to strike the first affirmative defense is denied.
The second and fourth affirmative defenses allege, respectively, a breach of the implied covenant of good faith and fair dealing, and a breach of contract. The plaintiff has moved to strike these defenses on the grounds that they fail to allege sufficient facts, and that these are
improper defenses to a foreclosure action.
Specifically, the plaintiff claims that the defendants have not alleged enough facts to establish the existence of a contract. The defendants' in the second affirmative defense have alleged that the plaintiff failed to use reasonable efforts to market the defendants' unit for rental purposes. Again, while the defendants could have been more precise, the rental agreement is attached to their pleading[1] and bears the same date of execution, July 5, 1989, as the note and mortgage which is the subject of this foreclosure. Furthermore, since the note, mortgage and rental agreement were executed on the same day, it can be said that all of these contracts did "arise out of the same transaction as the foreclosure action." Id. Breach of the implied covenant of good faith and fair dealing is a recognized defense to a foreclosure action. See NorwestMortgage v. Clapper, Superior Court, judicial district of Windham at Putnam, Docket Number CV99-60598 (January 4, 2002, Kocay, J.). Accordingly, the motion to strike the second affirmative defense isdenied.
In the fourth affirmative defense, the defendants allege that the plaintiff breached an unspecified contract. There is no separate contract for such attached to the defendants' answer, affirmative defenses and counterclaim, nor is it appended to any prior pleading. In this pleading, the defendants have not sufficiently alleged the existence of a specific written or oral contract. The defendants merely allege the breach CT Page 11589 of contract. As such, the defendants' pleading is insufficient and the plaintiffs motion to strike the fourth affirmative defense is orderedgranted.
The plaintiff moves to strike counts three and four of the defendants' counterclaim on the ground that such claims are not properly asserted in a foreclosure action. Additionally, the plaintiff claims that count four does not contain sufficient facts to support a breach of contract claim. Unlike their pleading of the fourth affirmative defense, the defendants have extensively alleged in these counts that the plaintiff made representations regarding improvements to be made by plaintiff to the property which would increase the potential for rental of the property. The defendants also allege that they signed the note and mortgage, in part, in reliance on these representations, and that the plaintiffs failed to make such improvements, or failed to make them in a timely fashion. Given these allegations, the defendants have sufficiently alleged a cause of action for breach of contract.
Counts three and four of the defendants' counterclaim relate to the Rental Agreement executed on the same day as the note and mortgage, and to a related agreement regarding property improvements, both of which allegedly induced the defendants to enter into the note and mortgage. As such, they arise out of the same transaction as the subject of this foreclosure. Taking the allegations in a light most favorable to the defendants, RK Constructors, Inc. v. Fusco, Corp., 231 Conn. 381, 384,650 A.2d 153 (1994), the motion to strike counts three and four of the defendants' counterclaim is denied.
In summary, for the foregoing reasons, the motion to strike the first and second affirmative defenses and the third and fourth counterclaim is denied. The motion to strike is granted as to the fourth affirmative defense.